UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOB LLC, et al., | ) |
| Plaintiff, | ) Case No.: 1:23-cv-03378 |
| v. | ) |
| | ) Hon. Judge Jeremy C. Daniel |
| Partnerships and Unincorporated Associations Identified on Schedule A, | ) |
| | ) Mag. Judge Gabriel A. Fuentes |
| Defendants. | ) |

**Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction**

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, and in support of their opposition to Plaintiff's motion for entry of a preliminary injunction [Dkt. 20] state as follows:

**I. Introduction**

Plaintiff filed its Complaint on May 30 28, 2023, alleging that Defendants committed patent infringement of patents Nos. D944,594 and D976,646 (the "FOGHAT Designs"). [Dkt. 2]. On June 2, 2023, Plaintiff filed an *ex parte* motion for entry of a temporary restraining order, which the Court granted. [Dkt. 13]. Plaintiff filed its motion for preliminary injunction on June 29, 2023, which is pending. [Dkt. 20]

For the reasons set forth herein, Plaintiff does not have a reasonable likelihood of success on the merits. Defendant has provided evidence showing that the accused product do not likely infringement Plaintiff's designs, which vitiates any likelihood of success on the merits of Plaintiff's claims. Relief under Rule 65 is extraordinary, and in light of Defendant's challenges hereunder Plaintiff does not carry the burden of persuasion.

---

[1] Aumpokin, AoJiao, BTHW-US, Decent Vivege, Gusme, Haawin, Hismok Direct, ItsNio HOME, JZ US Direct, LEQMG, LJDZ US, LOVEERC, MidianBuy, Nobvape, Opulent, OWAYIDA

II. <u>Argument</u>

    a. **Legal Standard**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997). Further, the preliminary injunction should also be tailored to the violation. <u>Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.</u>, 496 F.3d 769, 772 (7th Cir. 2007). In order to properly receive a preliminary injunction, Plaintiff must have demonstrated by a <u>clear</u> showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." <u>Am. Can Co. v. Mansukhani</u>, 742 F.2d 314, 321-22 (7th Cir. 1984), *citing*, <u>In re Uranium Antitrust Litigation</u>, 617 F.2d 1248, 1261 (7th Cir. 1980). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." <u>Smith v. Foster</u>, 2016 WL 2593957 (E.D. Wis. May 5, 2016), *quoting*, <u>Cox v. City of Chicago</u>, 868 F.2d 217, 219-23 (7th Cir. 1989). The strength, or lack thereof, of Plaintiff's likelihood of success on the merits affects the balance of harms. <u>Illinois League of Advocates for the Developmentally Disabled v. Illinois Dept. of Human Servs.</u>, 60 F. Supp. 856, 889 (N.D. Ill. 2014). To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. <u>Mylan Institutional LLC v. Aurobindo Pharma Ltd.</u>, 857 F.3d 858 (Fed. Cir. 2017).

### b. Plaintiff cannot show a reasonable likelihood of success on the merits because Defendants' products do not infringe the FOGHAT Designs.

To show likelihood of success on the merits for the purposes of a preliminary injunction, a plaintiff "must prove that success in establishing infringement is more likely than not." Pressure Specialist, Inc. v. Next Gen Mfg. Inc., 469 F. Supp. 3d 863, 868-69 (N.D. Ill. 2020) (internal citations omitted). A design patent is infringed "'[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" Dyson, Inc. v. SharkNinja Operating LLC, 2018 WL 1906105 at *9 (N.D. Ill. Mar. 29, 2018), *citing*, Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008). The ordinary observer is "one of ordinary acuteness who is a principal purchaser of the underlying articles with the claimed designs." Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1337 (Fed. Cir. 2015) (internal citations omitted). The critical issue is whether "the effect of the whole design [is] substantially the same" as the corresponding portions of the accused design. Payless Shoesource, Inc. v. Reebok Int'l, Ltd., 998 F.2d 985, 991 (Fed. Cir. 1993). "[T]he patentee bears the ultimate burden of proof to demonstrate infringement by a preponderance of the evidence." Egyptian Goddess, 543 F.3d at 679.

The FOGHAT designs are for a "smoker" that is substantially comprises of a hollow base and a top. In the '646 Design, the top is disclaimed in its entirety with broken lines, whereas in the '594 Design, the top is claimed with solid lines and surface contouring. **Exhibits 1 and 2**. *See*, In re Maatita, 900 F.3d 1369, 1372 (Fed. Cir. 2018) (in a design patent, "the solid lines...show the claimed design, whereas the broken lines show structure that is not part of the claimed design"); 37 C.F.R. § 1.152 (design patent drawing regulations setting forth the same). Thus, as shown in Figure 1 and Figure 2, the solid line and shading shown in the asserted patents constitute the claimed design. The

base portion is common between the two designs, which is generally a cylindrical object with approximately 12 small holes radially and symmetrically distributed mid-height around the base lower portion. Id. The base lower portion flares out at a steep angle into the wider cylindrical uppper portion. Id. The base is hollow, and an inner chamber can be created by applying the top. Id. The inner chamber is circular, and the chamber floor is radially angled downward towards a center circular opening centered over the base. Id. In the '594 Design, the bottom surface of the top matches the cylindrical profile of the flared area of the base interior. Id.



**Figure 1: Figs. 1, 3, and 5 of the '646 Patent**



**Figure 2: Figs. 1, 3, and 5 of the '594 Patent**

In contrast, as shown in Figure 3, it is readily apparent that Defendant Decent Vrvege's product does not contain the design limitations present in the '646 or '594 Patents. Notably, the upper portion of the base is a square shape with rounded corners in contrast to the circular upper portion of the claimed designs. What's more, the base lower portion of Defendant's product contains only six holes, which are significantly larger than the twelve base holes claimed in the patents. Moreover, the transition between the lower and upper base portion in Defendant's product is 90 degrees, in contrast to the claimed bases which show a flared transition between the base lower and upper portions. Still further, the inner chamber floor of Defendant's product is flat rather than radially angled downwards like the claimed designs.

 

**Fig. 3: Pictures of Defendant Decent Vrvege's product.** Declaration of Kanfeng Li

Similarly, as shown in Figures 4, 5, 6, and 7, it is readily apparent that Defendants Hismok Direct, MidianBuy, AoJiao, Aumpkin's products do not contain the design limitations present in the '646 or '594 Patents. Notably, the tops have a "disk" or UFO-type shape, which flares outward at an angle from the base then flares back inward to the opening for the top, in contrast to the cylindrical top portion of the '646 claimed design. What's more, the base of Defendants' products contain far fewer and larger holes than the twelve base holes claimed in the patents, and Defendant AoJiao's product contains zero base holes. Moreover, the top and the inner chamber of Defendants' products are similar in diameter to the base portion, in contrast to the claimed top and

inner chamber that is roughly equivalent in diameter to the top portion. Still further, the inner chamber floor of Defendants' products are flat rather than radially angled downwards like the claimed designs.

 

**Fig. 4: Defendant Hismok Direct's product pictures.** Declaration of Mengyu Zeng

 

**Fig. 5: Defendant MidianBuy's product pictures.** Declaration of Qing Xie

 

**Fig. 6: Defendant AoJiao's product pictures.** Declaration of Lianlian Jiang

 

**Fig. 7: Defendant Aumpkin's product pictures.** Declaration of Peng Xie

Similarly, as shown in Figures 8 and 9 it is readily apparent that Defendants LJDZ US and LEQMG's products do not contain the design limitations present in the '646 or '594 Patents. Notably, the tops of Defendants' products' bases are a hexagon shape with rounded corners in contrast to the circular portions of the claimed designs. What's more, the base of Defendants' products contains only six base holes, which are significantly larger than the twelve base holes claimed in the patents. Moreover, the top and the inner chamber of Defendant LEQMG's product is similar in size to the base, in contrast to the claimed top and inner chamber that are roughly equivalent in size to the top. The base is pyramidal with a hexagonal base, and not cylindrical like those shown in the claimed designs. Still further, the inner chamber floors of Defendants' products are flat rather than radially angled downwards like the claimed designs.

 

**Fig. 8: Defendant LJDZ US's product pictures.** Declaration of Maoming Tan

 

**Fig. 9: Defendant LEQMG's product pictures.** Declaration of Shen Li

As shown in Figure 10, it is readily apparent that Defendant JZ US Direct's product does not contain the design limitations present in the '646 or '594 Patents. Notably, the top of Defendant's product angles inward in a "basket" shape in contrast to the constant cylindrical top portion of the claimed '646 design. What's more, the base of Defendant's product contains only four base holes, in contrast to the twelve base holes claimed in the patents. Moreover, the top portion of Defendant's product is significantly taller than the base, in contrast to the claimed designs where the base is taller than the top portion. Still further, the inner chamber floor of Defendant's product is flat rather than radially angled downwards like the claimed designs.

  

**Fig. 10: Defendant JZ US Direct's product pictures.** Declaration of Yanhong Niu

As shown in Figure 11, it is readily apparent that Defendant ItsNio HOME's product does not contain the design limitations present in the '646 or '594 Patents. Notably, Defendant's product does not display a smoker device of any kind, but rather displays wood smoking chips that are stored in a generic container that looks nothing like the asserted patents. It is likely that Defendant

Page 8

ItsNio HOME was included as a mistake, as there is no similarity whatsoever between Defendant's product and the asserted patents.



**Fig. 11: Defendant ItsNio HOME's product pictures.** Declaration of Xueya Wang

As shown in Figures 12, 13, 14, and 15, it is readily apparent that Defendants Gusme, Haawin, LOVEERC, and Nobvape-US's products do not contain the design limitations present in the '646 or '594 Patents. The transition between the lower and upper base portion in Defendants' products is 90 degrees, in contrast to the claimed bases which show a flared transition between the base lower and upper portions. What's more, the base of Defendants' products contains only six base holes, which are significantly larger than the twelve base holes claimed in the asserted patents. Still further, the inner chamber floors of Defendants' products are flat rather than radially angled downwards like the claimed designs.

 

**Fig. 12: Defendant Gusme's product pictures.** Declaration of Bin Deng




**Fig. 13: Defendant Haawin's product pictures.** Declaration of Longji Peng




**Fig. 14: Defendant LOVEERC's product pictures.** Declaration of Yabin Su




**Fig. 15: Defendant Nobvape-US's product pictures.** Declaration of Mingxia Le

As shown in Figures 16 and 17, it is readily apparent that Defendants Opulent and OWAYIDA's products do not contain the design limitations present in the '646 or '594 Patents. Notably, the sides of the base of Defendants' products angle outward at a constant angle such that

Page 10

the diameter at the bottom of the base is smaller than the diameter at the top of the base (i.e., it is a truncated cone), in contrast to the cylindrical base with a consistent diameter throughout claimed in the asserted patents. What's more, the base of Defendants' products, which is not cylindrical but conical, contains only six base holes, which are significantly larger than the twelve base holes claimed in the asserted patents. The transition between the lower and upper base portion in Defendants' product is nearly 90 degrees, in contrast to the claimed bases which show a flared transition between the base lower and upper portions. Still further, the inner chamber floors of Defendants' products are flat rather than radially angled downwards like the claimed designs.



**Fig. 16: Defendant OPulent's product pictures.** Declaration of Nanyun Chen



**Fig. 17: Defendant OWAYIDA's product pictures.** Declaration of Haying Deng

As shown in Figure 18, it is readily apparent that Defendant BTHW-US's product does not contain the design limitations present in the '646 or '594 Patents. Notably, the sides of the base of Defendant's products angle outward at a constant angle such that the diameter at the bottom of the

base is smaller than the diameter at the top of the base, in contrast to the cylindrical base with a consistent diameter throughout claimed in the asserted patents. What's more, the base of Defendant's products contains only five base holes, which are significantly larger than the twelve base holes claimed in the asserted patents. The transition between the lower and upper base portion in Defendants' product is nearly 90 degrees, in contrast to the claimed bases which show a flared transition between the base lower and upper portions.

 

**Fig. 18: Defendant BTHW-US's product pictures.** Declaration of Zhijie Qiu

While the differences in design between Defendants' products and the asserted patent are readily apparent in any context, the differences between the designs are even more prominent when viewed "giving such attention as a purchaser usually gives", that is, viewing the accused products in use. *See*, Egyptian Goddess, 543 F.3d at 670. In this context, a user would need to open the top and would clearly notice that the inner chamber floors of Defendants' products are flat rather than radially angled downwards like the asserted patents. The smoke patterns dispersing from the base holes of Defendants' products and the asserted designs would differ greatly when the smoker device is in use, which would make the difference in the size and number of base holes in Defendants' products and the asserted patents even more readily apparent. Moreover, the differences in shapes of the top portions and base portions of many Defendants' products and the asserted designs would be readily apparent when a user is handling the smoker device. An ordinary observer would not

overlook these readily apparent differences, and these dissimilarities would prevent deception of an ordinary observer and keep the accused product from being so similar to the claimed designs that "in the market and with purchasers they would pass for the same thing - so much alike that even persons in the trade would be in danger of being deceived." Egyptian Goddess, Inc., 543 F.3d at 670.

In light of these readily apparent and substantial differences between Defendants' products and the FOGHAT Designs, Plaintiff cannot show that it is more likely than not that any Defendant's product infringes either of Plaintiff's design patents. In light of these clear differences, an ordinary observer would not be deceived into purchasing Defendants' products supposing them to be Plaintiff's, accordingly, there is no likelihood of success on the merits and the current preliminary injunction and asset restraint should be dissolved and lifted with respect to Defendants.

### III. Conclusion

With the benefit of adversary briefing, the Court can better that Defendants have not likely infringed the patent's claims. There is no likelihood of success on the merits of Plaintiff's claims that warrant the extraordinary relief afforded under Rule 65, and Plaintiff's motion for preliminary injunction against Defendants should be denied in its entirety.

Dated this July 4, 2023

                                                       Respectfully Submitted,

                                                       /s/Adam E. Urbanczyk
                                                       Adam E. Urbanczyk
                                                       Brian Swift
                                                       AU LLC
                                                       444 W. Lake St. 17th Floor
                                                       Chicago, IL 60606
                                                       (312) 715-7312
                                                       adamu@au-llc.com
                                                       brians@au-llc.com
                                                       *Counsel for Defendants*