# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC, | |
| Plaintiff | |
| v. | No. 23 CV 3378 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Judge Jeremy C. Daniel |
| Defendants | |

## ORDER

Minute entry related to [35]. The plaintiff's motion for a preliminary injunction [20] is denied for the reasons stated on the record during the July 5, 2023, motion hearing and for the reasons stated in this order.

## STATEMENT

In support of its motion for a preliminary injunction, the plaintiff claims that the defendants sell "low-quality, unlicensed infringing products to unknowing consumers." [21] at 1. The plaintiff further claims that a preliminary injunction is warranted because the "Defendants have infringed upon Plaintiff's federally registered trademarks." [21] at 4. Though the plaintiff's motion tends to focus on trademark infringement, the plaintiff also claims that the defendants infringe the plaintiff's design patents. [21] at 1.

The plaintiff also points to its prior motion for a temporary restraining order [10] in support of its motion for a preliminary injunction. There, the plaintiff states that "[t]he documentation submitted by Thousand Oaks shows that an ordinary observer would be deceived into thinking that the Infringing Product was the same as the *Foghat Design*." [10] at 17. That statement comprises the entirety of the plaintiff's design patent infringement analysis in either filing. *See* [10], [21]. The plaintiff further claims that it is likely to succeed on its trademark infringement claims because the allegedly infringing products are "identical or similar to the FOGHAT Design and/or use counterfeit marks identical to the FOGHAT Mark." [10] at 19.

The plaintiff's claims of trademark infringement are not supported by the record. Of the defendants for whom the plaintiff provided screenshots of the allegedly infringing products [10-3], no more than three used or referenced the plaintiff's marks in connection with the sale of an allegedly infringing product. That did not stop the plaintiff from making broad claims of trademark infringement. At the hearing on the plaintiff's motion for a preliminary injunction, plaintiff's counsel acknowledged that all the plaintiff's trademark claims have been dismissed. Consequently, the plaintiff cannot receive injunctive relief based on trademark infringement.

That leaves the plaintiff's design patent claims, which do not warrant injunctive relief. To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will likely suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it is likely to succeed on the merits. *Mays v. Dart*, 974 F.3d 810, 818, 822 (7th Cir. 2020). The plaintiff has not established any of these elements. Many of the plaintiff's claims concerning irreparable harm stem from the alleged trademark infringement, which is no longer at issue because the plaintiff dismissed its trademark claims. The plaintiff has made no attempt to show how the alleged design patent infringement caused irreparable harm to the plaintiff or how damages under 35 U.S.C. § 289 are inadequate.

Nor has the plaintiff shown that it is likely to succeed on the merits. To establish infringement of a design patent, "the patentee must establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010). Plaintiff's counsel acknowledged that the plaintiff's pleadings and declarations do not compare the allegedly infringing products to the plaintiff's design patents. Rather, as with its trademark claims, the plaintiff makes broad claims of design patent infringement without actually showing any infringement. The plaintiff submitted copies of its design patents and screenshots of the allegedly infringing products and then, at the hearing, its counsel noted that "if you review the listings that we have, you can plainly see that the products match the design of my client's product that's protected by the design patent." When asked whether the plaintiff's design patents, which show a round or cylindrical top, covered a hexagonal top offered by one of the defendants, the plaintiff's counsel claimed that they did. Given that shape-sorting toys intended for toddlers require one to distinguish between a circle and a hexagon, the plaintiff's argument is unconvincing. The plaintiff has made little to no effort to show that the defendants infringe the plaintiff's design patents, which means that the plaintiff has failed to show that it is likely to succeed on the merits.

Accordingly, the plaintiff's motion for a preliminary injunction [20] is denied.

Date: 7/20/2023

JEREMY C. DANIEL
United States District Judge