IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Thousand Oaks Barrel Co., LLC | ) | |
| | ) | Case No. 1:23-cv-3378 |
| v. | ) | |
| | ) | Judge: Hon. Thomas M. Durkin |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Gabriel A. Fuentes |
| IDENTIFIED ON SCHEDULE A | ) | |
| | ) | |

## DECLARATION OF BRYAN WEISBERG

I, Bryan Weisberg, of Manassas, Virginia, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's Ex Parte Motion for Entry of Temporary Restraining Order (the "Ex Parte Motion for TRO") and, if called as a witness, I could and would competently testify as follows:

2. Thousand Oaks Barrel Co., LLC ("Thousand Oaks") is the manufacture and distributor of the Foghat line of products, and owns all intellectual property rights to the FOGHAT COCKTAIL SMOKER and FOGHAT word marks (U.S. Reg. Nos. 6366177, 6597240, 7026930, 6774002) (collectively, "FOGHAT", the "Mark" or "Marks") worldwide, and all goodwill associated with that name ("IP Rights"). Thousand Oaks is the exclusive licensee of the design patents U.S. Design Patents from Soak Limited, U.S. Design Patent Nos. D944,594 S, and D976,646 S (collectively "FOGHAT Designs" or the "Designs").

3. The FOGHAT Design and Marks are unique and signify a high-quality tool that allows professional bartenders and consumers to easily add smokey flavors to their cocktails and drinks.

1

4. In just the last five years alone, Thousand Oaks has invested hundreds of thousands of dollars in advertising genuine products bearing the FOGHAT Marks. Foghat products and packaging feature prominent use of the FOGHAT Marks.

5. Foghat products are marketed and sold under its licensed, federally registered FOGHAT Marks. FOGHAT Products have become enormously popular, driven by our quality standards and its innovative design. Official products are noted by use of the FOGHAT Design and Marks, which consist of the distinctive look of the products and the product packaging.

6. Since 2020, Foghat products have been sold via authorized distributors and retailers, and are currently sold on the world wide web. Online sales of Foghat products via the web represent a significant portion of our business.

7. The FOGHAT Mark is exclusive to Thousand Oaks and is displayed extensively on Foghat products, marketing and promotional materials. FOGHAT products have been extensively promoted and advertised at great expense.

8. The FOGHAT Mark is distinctive when applied to Foghat products, signifying to the purchaser that the products are genuine and meet Foghat quality standards. Thousand Oaks ensures that products bearing the FOGHAT Design and Marks are manufactured to the highest quality and safety standards. As such, the goodwill associated with the FOGHAT Design and Marks is of incalculable and inestimable value.

9. The Foghat brand has received extensive editorial coverage and unsolicited press in various magazines and other publications throughout the world. Foghat products have been featured in various newspapers, magazines, radio, television and online.

10. The overwhelming success of the Foghat brand has resulted in significant counterfeiting by individuals and entities who unlawfully use the trademarks and goodwill to sell cheap imitation counterfeits of FOGHAT products. Consequently, Thousand Oaks has an

anticounterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers.

11. These investigations have established that Defendants are using the various Infringing Webstores on platforms such as Amazon, Wish, eBay, etc. to sell Counterfeit Products from foreign countries such as China to consumers in the United States and the State of Illinois, including the Northern District of Illinois. Thousand Oaks investigators analyzed each of the Infringing Websites and determined that Counterfeit Products were being offered for sale to residents of the United States and State of Illinois. This conclusion was reached through visual inspection of the products as they appeared on the Infringing Websites, the price at which the Counterfeit Products were offered for sale, other features commonly associated with websites selling counterfeit products, because Defendants offered shipping to Illinois, and because Defendants and the Infringing Websites do not conduct business with Thousand Oaks, are not licensees, and do not have the right or authority to use the FOGHAT Design and Marks for any reason.

12. It is estimated that the Defendants are responsible for hundreds of thousands of dollars in lost profits and the sale of as many as 23,000 counterfeit Foghat products in the last year alone.

13. Each sale made by the Defendants through an Infringing Webstore results in a direct loss of sales. As the illegal marketplace for Foghat products grows on the Internet, the legitimate marketplace for Foghat products shrinks. Monetary damages cannot adequately compensate for ongoing infringement because monetary damages fail to address the loss of control and damage to the FOGHAT Design and Mark's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to our reputation and goodwill by acts of infringement.

14. The goodwill and reputation are irreparably damaged when the FOGHAT Design and Marks are used on goods not authorized, produced or manufactured by Thousand Oaks. Moreover, brand confidence is damaged, which can result in loss of future sales and market share. Unauthorized use of the FOGHAT Design and Marks dilutes their goodwill and value, and the extent of harm to the Foghat brand's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

15. Thousand Oaks is further irreparably harmed by the unauthorized use of the FOGHAT Design and Marks because counterfeiters take away the ability to control the nature and quality of Counterfeit Products. Loss of quality control over goods bearing the FOGHAT Design and Marks and, in turn, loss of control over our reputation, is neither calculable nor precisely compensable.

16. The sale of Counterfeit Products is likely causing and will continue to cause consumer confusion that weakens the Foghat brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit Products he or she has purchased is genuine and authorized and will come to believe that Plaintiff offers low quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine Foghat products, resulting in a loss or undermining of the Foghat brand's reputation and goodwill. Indeed, there is damage to our reputation and goodwill even if a consumer knows that the goods he or she is purchasing are counterfeit. Prospective consumers who see inferior Counterfeit Products used by others may mistakenly believe such goods to be genuine and may consequently develop a poor impression of Foghat products. Such post-sale confusion results in further damage to the FOGHAT Mark's goodwill and reputation and correlates to a loss of unquantifiable future sales.

17. Thousand Oaks is further irreparably damaged due to a loss of exclusivity. The

extensive marketing and innovative Foghat designs are aimed at growing and sustaining sales. The FOGHAT Design and Marks are distinctive and signifies to consumers that the products exclusively originate from Thousand Oaks. When counterfeiters use the FOGHAT Design and Marks on goods without authorization, the exclusivity of the Foghat products, as well as the Foghat brand's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

18. Thousand Oaks will suffer immediate and irreparable injury, loss or damage if counterfeiters are allowed to continue to infringe upon the FOGHAT design patents and registered trademarks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 30th day of May 2023

_____
Bryan Weisberg
CEO of Thousand Oaks Barrel Co., LLC