IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thousand Oaks Barrel Co., LLC | ) | |
| | ) | Case No. 1:23-cv-3378 |
| v. | ) | |
| | ) | Judge: Hon. Jeremy Daniel |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Gabriel A. Fuentes |
| IDENTIFIED ON SCHEDULE A | ) | |
| | ) | |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Thousand Oaks Barrel Co., LLC ("Thousand Oaks" or "Plaintiff") against the defendants identified on Schedule A, and using the online marketplace accounts identified on Schedule A (collectively, the "Online Marketplaces"), and Thousand Oaks having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case;

This Court having entered a temporary restraining order; Thousand Oaks having properly completed service of process on Defaulting Defendants, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted.

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Thousand Oaks has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold the same product, namely cocktail smoking apparatus shown in Exhibit 1 to the Complaint [Docket #1], that infringes Thousand Oaks' U.S. Design Patents Nos. D944,594 S, and D976,646 S (the "Infringing Products") to residents of Illinois. In this case, Thousand Oaks has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase infringing products. See Docket No. [11], Exhibit 1 to the Declaration of David Gulbransen, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois that infringe U.S. Design Patents Nos. D944,594 S, and D976,646 S ("the Foghat Design"). The Foghat Design is shown in the below chart.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D944,594 |  FIG. 1 | March 1, 2022 |
| D944,594 | Fig. 3 | March 1, 2022 |
| D944,594 | Fig. 4 | March 1, 2022 |



| | | |
|---|---|---|
| D944,594 | Fig.5 | March 1, 2022 |
| D976,646 | FIG. 1 | January 31, 2023 |





D976,646      FIG. 5      January 31, 2023

This Court further finds that Defaulting Defendants are liable for patent infringement (35 U.S.C. § 271).

Accordingly, this Court orders that Thousand Oaks' Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. offering for sale, selling, and importing the Infringing Products;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in offering for sale, selling, and importing the Infringing Products; and

6

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with the Amazon.com, Inc. ("Amazon") marketplace (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell the Infringing Products; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

3. Upon Thousand Oaks' request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of the Infringing Products.

4. Pursuant to 35 U.S.C. § 289, Thousand Oaks is awarded profits, equal to 80% of the revenue reported in the following chart, from each of the Defaulting Defendants for infringing use of the Foghat Design on products sold through at least the Defaulting Defendants' Seller Aliases according to the below chart. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

| Doe | Merchant Name | Merchant ID | Sales | Revenue |
|---|---|---|---|---|
| 1 | Bypower | AIRUV7JSF4LFX | 14744 | $380,040.63 |

| 6 | ChuXin-DH | A3695R7YJ7EYYM | 7759 | $328,456.68 |
|---|---|---|---|---|
| 7 | Freedom us | A90929AWNU0RL | 514 | $15,664.86 |
| 11 | Calumina | A3ISB9G9QK0SSM | 1123 | $55,496.36 |
| 14 | OWAYIDA | A1ET80676X8NAP | 1877 | $59,121.69 |
| 15 | Gulisot | A1OOBALFABZ449 | 686 | $28,340.78 |
| 17 | DARK BARN | A1IDSF8XCT495F | 392 | $24,564.75 |
| 20 | Gusme | A1XV1TUTWTKD70 | 6770 | $187,449.64 |
| 25 | Bhagya Branded | A8CXQCK28IVSO | 562 | $34,831.61 |
| 26 | XISHANDIANZI | A1T46NVVVXCKD7 | 519 | $15,133.52 |
| 28 | Amazanm | A1HP0838O2303Y | 477 | $20,737.75 |
| 29 | Saudoli-US | A1HPKZ8CXUA24H | 100 | $2,059.19 |
| 34 | WEIBUTECH | A120F5YS1WTEUP | 1815 | $82,846.42 |
| 41 | CQS TOOL | A31C60K4NML4I2 | 660 | $28,407.42 |
| 42 | OKYWILL DIRECT | A1ZM15LW0QZHWO | 883 | $38,268.70 |
| 43 | Fettorler US | A2ABKM86YED6BW | 506 | $22,815.77 |
| 46 | YeeBeny US | A2COVZ1XYN1JPM | 229 | $4,596.22 |
| 56 | Barvivo | A36K4DKIRBT1EA | 0 | $0.00 |
| 58 | Axsenker -US | A1SMFSF2XO9DRA | 47 | $1,155.35 |
| 59 | Aolcsueg | A2ES9OS8TA7CTF | 177 | $5,006.56 |
| 65 | Densco Tech | A1NMVGN4MD0I4O | 15 | $505.14 |
| 69 | AVIU Direct Sales | A1HGHSKQL4GOEL | 2202 | $90,456.62 |
| 73 | Kateying | A19R5SR9V1S9R5 | 254 | $5,295.44 |
| 79 | AWAZOLMN | AWXY9MLZFVUR3 | 266 | $10,470.73 |
| 81 | Case2do | A24WH2QYZ8FRYB | 1871 | $34,848.24 |
| 82 | Habermen | ABP8VLSG60KKT | 261 | $5,921.87 |
| 85 | bayyevpu-US | A2Q0SGTMXJ7SR6 | 272 | $5,383.23 |
| 86 | chang-us | A31CYYLI3L4M70 | 0 | $0.00 |
| 88 | YR US | A3K3Q3S0ASMQ2O | 1359 | $57,352.21 |
| 90 | Bishbash | A12U6P49RUWXIG | 2244 | $101,145.65 |
| 91 | SelfSparkle | A1064FF26V1S63 | 30 | $986.29 |
| 92 | Cucumber Design | ACCVVM7CBXUK | 30108 | $1,439,988.28 |
| 94 | JIYI US | AYOPWD2WDKTIJ | 899 | $34,333.07 |
| 97 | Vonfame Store | A30MF9NY4QZN0Y | 7221 | $185,501.60 |
| 98 | HaiKouShiBaKuShangMao | A1PT2ZV80JIXSY | 1675 | $38,445.31 |
| 102 | enduell | A17UO4BH7B29XH | 652 | $19,175.52 |
| 103 | Coogon | AHVTOQQ86VFZT | 618 | $25,073.61 |
| 106 | Tnstbiee | A2LPHJYZ4PW9AA | 1842 | $42,406.24 |
| 108 | Chenxu-HLQ | AE2Z0F41UB1E9 | 416 | $10,791.23 |
| 109 | EAOAK Direct | A3252SEUSX20IS | 1022 | $35,503.34 |

| 112 | redouble | A2EGHU4U605XIC | 263 | $4,386.37 |
| 122 | AMOEZON | A38ABI3IG3TN07 | 1243 | $55,989.45 |
| 127 | Anpro US | A1R2BCJZFYCA30 | 178 | $4,222.44 |

    5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Stripe, Payoneer, Amazon, Inc. or Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Online Marketplaces from transferring or disposing of any funds (up to the profits awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

    6. All monies (up to the amount of the profits awarded in Paragraph 4 above) in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Inc. ("PayPal"), Stripe, Payoneer, Amazon, Inc. or Amazon Pay, are hereby released to Thousand Oaks as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Inc. ("PayPal"), Stripe, Payoneer, Amazon, Inc. or Amazon Pay, are ordered to release to Thousand Oaks the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

    7. Until Thousand Oaks has recovered full payment of monies owed to it by any Defaulting Defendant, Thousand Oaks shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

    8. In the event that Thousand Oaks identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Thousand Oaks may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) surety bond posted by Thousand Oaks is hereby released to Thousand Oaks or its counsel, Law Office of David Gulbransen. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Thousand Oaks or its counsel.

10. All previously sealed documents are hereby unsealed.

This Court, having determined that there is no just reason for delay, orders that this is a Final Judgment against Defaulting Defendants.

Dated: 9/7/2023

Jeremy C. Daniel
United States District Judge

## SCHEDULE A

| Doe | Merchant Name | Merchant ID |
|---|---|---|
| 1 | Bypower | AIRUV7JSF4LFX |
| 6 | ChuXin-DH | A3695R7YJ7EYYM |
| 7 | Freedom us | A90929AWNU0RL |
| 11 | Calumina | A3ISB9G9QK0SSM |
| 14 | OWAYIDA | A1ET80676X8NAP |
| 15 | Gulisot | A1OOBALFABZ449 |
| 17 | DARK BARN | A1IDSF8XCT495F |
| 20 | Gusme | A1XV1TUTWTKD70 |
| 25 | Bhagya Branded | A8CXQCK28IVSO |
| 26 | XISHANDIANZI | A1T46NVVVXCKD7 |
| 28 | Amazanm | A1HP0838O2303Y |
| 29 | Saudoli-US | A1HPKZ8CXUA24H |
| 34 | WEIBUTECH | A120F5YS1WTEUP |
| 41 | CQS TOOL | A31C60K4NML4I2 |
| 42 | OKYWILL DIRECT | A1ZM15LW0QZHWO |
| 43 | Fettorler US | A2ABKM86YED6BW |
| 46 | YeeBeny US | A2COVZ1XYN1JPM |
| 56 | Barvivo | A36K4DKIRBT1EA |
| 58 | Axsenker -US | A1SMFSF2XO9DRA |
| 59 | Aolcsueg | A2ES9OS8TA7CTF |
| 65 | Densco Tech | A1NMVGN4MD0I4O |
| 69 | AVIU Direct Sales | A1HGHSKQL4GOEL |
| 73 | Kateying | A19R5SR9V1S9R5 |
| 79 | AWAZOLMN | AWXY9MLZFVUR3 |
| 81 | Case2do | A24WH2QYZ8FRYB |
| 82 | Habermen | ABP8VLSG60KKT |
| 85 | bayyevpu-US | A2Q0SGTMXJ7SR6 |
| 86 | chang-us | A31CYYLI3L4M70 |
| 88 | YR US | A3K3Q3S0ASMQ2O |
| 90 | Bishbash | A12U6P49RUWXIG |
| 91 | SelfSparkle | A1064FF26V1S63 |
| 92 | Cucumber Design | ACCVVM7CBXUK |
| 94 | JIYI US | AYOPWD2WDKTIJ |
| 97 | Vonfame Store | A30MF9NY4QZN0Y |
| 98 | HaiKouShiBaKuShangMao | A1PT2ZV80JIXSY |
| 102 | enduell | A17UO4BH7B29XH |

| 103 | Coogon | AHVTOQQ86VFZT |
|---|---|---|
| 106 | Tnstbiee | A2LPHJYZ4PW9AA |
| 108 | Chenxu-HLQ | AE2Z0F41UB1E9 |
| 109 | EAOAK Direct | A3252SEUSX20IS |
| 112 | redouble | A2EGHU4U605XIC |
| 122 | AMOEZON | A38ABI3IG3TN07 |
| 127 | Anpro US | A1R2BCJZFYCA30 |